UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| IN RE: )<br>)<br>HH1, LLC, )<br>)<br>       Plaintiff, )<br>)<br>       v. )<br>)<br>Lo'r Decks at Calico Jacks, LLC, )<br>Lloyd Lohr, J. Edward Swicegood, )<br>Ronald Cullipher, Glenn Corbett, )<br>and John W. Dickinson, )<br>)<br>       Defendants. )<br>) | Adversary Proceeding<br>No. 10-02004 |

## MEMORANDUM OPINION

This adversary proceeding came before the court on February 23, 2010, for hearing on defendants' motion for change of venue and plaintiff's motion for (I) dismissal of the claims and counterclaims involving the plaintiff and the non-debtors and remand to state court, or in the alternative, (II) mandatory abstention as to the claims and counterclaims involving the plaintiff and the non-debtors and permissive abstention as to the claims and counterclaims involving the plaintiff and the debtor and remand to state court; or, in the further alternative, (III) permissive abstention as to all claims and counterclaims and remand to state court. Kenneth M. Greene and Jeremy Schrader appeared on behalf of the plaintiff; Robert Lewis, Jr. appeared on behalf of defendant Lo'r Decks at Calico Jacks, LLC; and A. Wayland Cooke appeared on behalf of the individual defendants.

PROCEDURAL BACKGROUND

This proceeding began as a civil action that was filed in the Superior Court of Guilford County ("state court") on August 28, 2009. The complaint seeks to recover amounts allegedly owed by Lo'r Decks at Calico Jacks, LLC ("Debtor") under a loan agreement and promissory notes executed by the Debtor. The individual defendants have been sued as alleged guarantors of the Debtor's obligations to the plaintiff. The defendants answered, denying liability and asserting various counterclaims against the plaintiff. Thereafter, the Debtor filed a petition in the United States Bankruptcy Court for the Eastern District of North Carolina seeking relief under chapter 11 of the Bankruptcy Code. The Debtor, with the concurrence of the individual defendants, then removed this proceeding from the state court pursuant to 28 U.S.C. § 1452 and Rule 9027 of Federal Rules of Bankruptcy Procedure. The removal was followed by the Debtor's motion for change of venue and the plaintiff's motion to dismiss or for abstention and remand.

ANALYSIS

I.   Motion to Dismiss for Lack of Jurisdiction

The Debtor asserts that this court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b). Under section 1334(b), the district courts have original but not exclusive subject matter jurisdiction over all civil proceedings "arising under title 11, or arising in or related to cases under title 11." The plaintiff

contends that the claims involving the individual defendants[1] do not arise under title 11 or in a case under title 11 and are not related to a case under title 11, and therefore must be dismissed and remanded to state court.

In opposition, the defendants first argue that the claim against the individual defendants arises under title 11 or in a case under title 11. The court disagrees. The claims involving the individual defendants are a claim to collect on a guaranty they executed and their counterclaims for breach of contract, tortious interference with business operations and unfair and deceptive trade practices. Both the claim and counterclaims are based entirely on state law and are not based or dependent upon title 11. Hence, the claims do not "arise under" title 11. Nor do such claims arise in a case under title 11. Proceedings arising in a case under title 11 are those proceedings that "are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robbins Co., Inc.), 86 F.3d 364, 372 (4th Cir. 1996). The claims involving the individual defendants are not claims that would not exist outside of Debtor's bankruptcy. In fact, such claims were asserted in a state court proceeding and did have existence prior to the commencement of the

---

[1]The plaintiff concedes that there is jurisdiction over its claim against the Debtor and, because of its filing a claim in the Debtor's bankruptcy case, jurisdiction, as well, over the Debtor's counterclaims against the plaintiff.

bankruptcy case. Thus, if a breach of contract occurred as alleged, such breach occurred prior to and independently of the bankruptcy case. The claims involving the individual defendants therefore did not arise in a case under title 11.

The question that remains is whether jurisdiction exists under the "related to" aspect of section 1334. The test for determining the existence of "related to" jurisdiction in the Fourth Circuit was established by the decision in <u>A.H. Robbins Co. v. Piccinin</u>, 788 F.2d 994 (4th Cir. 1986), in which the court adopted the test previously formulated by the Third Circuit in <u>Pacor, Inc. v. Higgins</u>, 743 F.2d 984 (3d Cir. 1984). Quoting from the <u>Pacor</u> decision, the Fourth Circuit Court ruled that "the test for determining whether a civil proceeding is related to bankruptcy is whether <u>the outcome of that proceeding could conceivably have any effect on the estate being administrated in bankruptcy</u>." 788 F.2d at 625 (emphasis added by the court). Continuing, the court further quoted from <u>Pacor</u>: "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." <u>Id.</u> at 625-26. Applying this test in this proceeding, the court concludes that whether the guarantors are held liable is a question related to the Debtor's bankruptcy case. A recovery from the guarantors by the plaintiff would reduce or eliminate the plaintiff's claim in the bankruptcy case and result

in a substitution of the guarantors as the claimants against the Debtor.[2] The claim against the five guarantors involves several issues not involved in the plaintiff's claim against the Debtor. In addition to the plaintiff having to prove the existence and extent of the liability of the Debtor, there are additional issues related to whether the guarantors are liable even if there is a showing of liability on the part of the Debtor. For example, there is an issue regarding whether the language of guaranty limits its application to performance of the loan agreement or whether it extends to the promissory notes under which the loan proceeds allegedly were advanced. Additionally, the guaranty incorporates provisions related to procurement of development permits which the guarantors contend limit or terminated their liability under the guaranty. Given the additional parties involved, the additional defenses and issues raised by the guarantors that are not present in the plaintiff's claim and the resulting increase in expenses and attorneys' fees, it is likely that the claim asserted by the guarantors would be greater than the plaintiff's claim alone. Hence, the situation here does not involve a mere substitution of a different party for the same claim amount. See <u>Owens-Illinois, Inc. v. Rapid American Corp. (In re Celotex Corp.)</u>, 124 F.3d 619 (4th Cir. 1997). As the court noted in the <u>Celotex</u> case, the test of related to jurisdiction does not require "certain or likely

---

[2]<u>See</u> N.C. Gen. Stat. § 26-3.1.

alteration" of the debtor's rights or liabilities observing, instead, that the "possibility of such alteration or impact is sufficient to confer jurisdiction." Id. at 626.

II. Motion for Mandatory Abstention

The defendants' motion for mandatory abstention is based upon 28 U.S.C. § 1334(c)(2), which provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Under section 1334(c)(2), the circumstances under which abstention is required are as follows:

(1) The motion for abstention is timely filed;

(2) The proceeding is based on state law;

(3) The proceeding is "related to" a case under title 11 and is not a core proceeding;

(4) The proceeding could not have been commenced in the United States courts but for 28 U.S.C. § 1334;

(5) There must be an action commenced in state court; and

(6) The state court action must be one which can be timely adjudicated in a state forum of appropriate jurisdiction.

When the foregoing circumstances are present, a federal court

must abstain. <u>Seascape at Wrightsville Beach, LLC v. Mercer's Enters., Inc.(In re Mercer's Enters., Inc.)</u>, 387 B.R. 681, 684 (Bankr. E.D.N.C. 2008). Such is the case with the guarantor claims which satisfy all of the requirements under section 1334(c)(2).

The motion for abstention clearly was timely filed. The initial notice of removal of this proceeding was filed on December 18, 2009. The motion for abstention was filed three days later on December 21, 2009, which was the first business day after the filing of the notice of removal. This filing satisfies the timely filing requirement under section 1334(c)(2).

The second requirement for mandatory abstention likewise is satisfied. The claims involving the guarantors are for breach of contract, tortious interference with business operations and unfair and deceptive trade practices. All of these claims are based entirely upon North Carolina law and hence are state law claims.

The third requirement for mandatory abstention is that the claim against the guarantors be related to a case under title 11, but not arising under title 11 nor arising in a case under title 11. The claims involving the guarantors satisfy this requirement. For the reasons previously discussed regarding the motion to dismiss for lack of jurisdiction, the court has concluded that the claims involving the guarantors do not arise under title 11 or arise in a case under title 11, but do fall within the related to jurisdiction of this court. The claims are pre-petition claims that are based upon state law and therefore are non-core

matters. See Amazon Venture Capital, LLC v. Ebels (In re Parsons 4E, LLC), A.P. No. 07-0547, 2007 WL 2454108 at *2 (Bankr. D. Md. August 22, 2007)("The action filed by Amazon against the Guarantors and their counterclaim are without doubt not core proceedings."); Covanta Onondaga Ltd. v. Onondaga County Resource Recovery Agency, 281 B.R. 809 (N.D.N.Y. 2002).

Under the fourth requirement imposed by section 1334(c)(2), the action must be one which could not have been brought in the United States courts absent jurisdiction under section 1334. There is no diversity of citizenship among the parties to this proceeding, the guarantor claims do not involve a federal question and there is no basis for jurisdiction other than under 28 U.S.C. § 1334. Since the only basis for jurisdiction is the court's related to jurisdiction under 28 U.S.C. § 1334, the fourth requirement for mandatory abstention is satisfied, as well.

The fifth requirement under section 1334(c)(2) is that there must be an action commenced in state court. This requirement is satisfied by the fact that this proceeding was filed in state court and was pending there before being removed to this court. While there is some authority that removed actions do not satisfy this requirement, "the majority of courts have held the opposite, noting that the commencement of the removed action in state court is adequate for purposes of § 1334(c)(2) so that mandatory abstention can apply to removed actions." Covanta Onondaga, Ltd., 281 B.R. at 809. This court believes that the better view is the view

expressed by the court in the <u>Covanta Onondaga</u> case and, therefore, concludes that the fifth requirement under section 1334(c)(2) is satisfied by this proceeding having been commenced in state court.

The final requirement under section 1334(c)(2) is that the action can be timely adjudicated in a state forum of appropriate jurisdiction. The state forum of appropriate jurisdiction in this proceeding is the Superior Court of Guilford County and the question, thus, is whether the guarantor claims can be timely adjudicated in that court. As discussed in <u>SunTrust Bank v. Ferrell (In re Pluma, Inc.)</u>, A.P. No. 00-2078, 2000 WL 33673752 (Bankr. M.D.N.C. September 15, 2000), the factors to be considered in determining timeliness in the context of section 1334(c)(2) include the following:

(1) The backlog of the state court and federal court calendars;

(2) Status of the proceeding in state court prior to being removed;

(3) Status of the proceeding in the bankruptcy court;

(4) The complexity of the issues to be resolved;

(5) Whether the parties consent to the bankruptcy court entering judgment in the non-core case; and

(6) Whether the underlying bankruptcy case is a reorganization or a liquidation case.

The backlog of a court's calendar is an important consideration in assessing timeliness of adjudication because

calendar backlog is a critical factor in determining how long it will take for the resolution of a case. The record here includes the affidavit of Kenneth R. Keller, state court counsel for the plaintiff. According to Mr. Keller, the docket in state court is such that this proceeding could be adjudicated in state court within seven months after being reactivated. There is no evidence to the contrary nor is there any evidence that this proceeding could be adjudicated in the United States District Court any quicker than seven months. This factor weighs heavily in favor of a finding that the guarantor claims could be timely adjudicated in the Superior Court of Guilford County. Regarding the other relevant factors, there has been a jury demand which means that the claims cannot be adjudicated in the bankruptcy court absent consent. Also, the bankruptcy case is in its early stages and there is no indication that remand of the guarantor claims would unduly delay or impede the bankruptcy case even though it is a reorganization case. Moreover, the issues are strictly state law issues that require no bankruptcy expertise and, instead, are the type of issues that are regularly dealt with by the state courts. Based upon a consideration of all of the relevant factors, the court concludes that the guarantor claims can be timely adjudicated in the state court, which means that all of the requirements under 28 U.S.C. § 1334(c)(2) have been satisfied. Accordingly, the court concludes that the motion for mandatory abstention should be granted as to the guarantor claims and such claims should be

remanded to the Superior Court of Guilford County.

    III.   Motion for Change of Venue

The court will next consider the Debtor's motion for change of venue pursuant to 28 U.S.C. § 1412. In the motion, the Debtor seeks a transfer of this proceeding to the United States Bankruptcy Court for the Eastern District of North Carolina where the Debtor's reorganization case is being administered. Since the guarantor claims are being remanded to the state court, the motion for change of venue has narrowed to whether the plaintiff's claim against the Debtor should be transferred.

Under 28 U.S.C. § 1412, a case or proceeding may be transferred to another district "in the interest of justice or for the convenience of the parties." Because the statutory criteria is stated in the disjunctive, a case or proceeding is transferrable upon a sufficient showing that either the interest of justice or the convenience of the parties warrants a transfer. See In re Harnischfeger Indus., Inc., 246 B.R. 421, 435 (Bankr. N.D. Ala. 2000). The Debtor contends that both prongs of section 1412 are applicable in this case.

The party moving for a change of venue under 28 U.S.C. § 1412 bears the burden of proof and must show by a preponderance of the evidence that the interest of justice or the convenience of the parties would be served by a transfer of the case or proceeding. E.g., In re Custom Builders of Steamboat, Inc., 349 B.R. 39, 42 (Bankr. D. Idaho 2005); Huntington Nat'l Bank v. Indus. Pollution

Control (In re Indus. Pollution Control), 137 B.R. 176, 181 (Bankr. W.D. Pa. 1992); In re Baltimore Food System, Inc., 71 B.R. 795, 802 (Bankr. D.S.C. 1986). As discussed in detail below, this court finds that the Debtor has carried its burden of proof as to the interest of justice prong of section 1412. Therefore, the court need not address the convenience of the parties prong of the statute.

"The interest of justice component of § 1412 is a broad and flexible standard which must be applied on a case-by-case basis." Gulf States Exploration Co. v. Manville Forest Products Corp. (In re Manville Forest Products Corp.), 896 F.2d 1384, 1391 (2d Cir. 1990). The cases have identified a number of factors that may be considered in determining whether transfer of venue will serve the interest of justice, including the following: (a) the economic and efficient administration of the bankruptcy estate; (b) the presumption in favor of trying proceedings related to a bankruptcy case in the court in which the bankruptcy is pending; (c) judicial efficiency; (d) ability to receive a fair trial; (e) the state's interest in having local controversies decided within its borders; (f) enforceability of any judgment rendered; and (g) the plaintiff's original choice of forum. See Blanton v. IMN Financial Corp., 260 B.R. 257, 266 (M.D.N.C. 2001). Three of these factors are neutral in this proceeding and do not favor either party. Thus, this court is satisfied that the parties can obtain a fair trial in either this District or the Eastern District and a

judgment entered in either district would be equally enforceable. Similarly, since both districts are located in North Carolina, the controversy will be decided within the borders of this State whether or not the motion for change of venue is granted. Further analysis is required regarding the remaining factors.

Some courts have recognized that there is a presumption that the proper venue for all proceedings related to a bankruptcy case is the home court where the bankruptcy case is pending. See In re Bruno's, Inc., 227 B.R. 311, 326 (Bankr. N.D. Ala. 1998). The presumption "was created in the case law based upon a conclusion reached by a majority of courts considering the issue . . . that the most important factor to consider in deciding whether to transfer the proceeding is the impact that transfer would have on the economic and efficient administration of the estate." Id. at 326-27. While the presumption is not conclusive, it is entitled to considerable weight in this proceeding. Under the circumstances of this proceeding, a transfer of plaintiff's claim against the Debtor would have a positive impact and promote the economic and efficient administration of the bankruptcy case. The Debtor's bankruptcy case is a reorganization proceeding. Except for the secured claim of New Bridge Bank, the plaintiff's claim is by far the largest claim in the Debtor's case. Plaintiff seeks to recover a sum asserted to be $1,557,597.00, which the plaintiff contends is secured by a deed of trust encumbering all of the Debtor's real estate. The plaintiff's claim is disputed by the Debtor and there

are a number of legal and factual issues that will have to be decided before the plaintiff's claim and the Debtor's counterclaims can be quantified. The outcome of the resolution of the dispute will be critical in determining the terms of any plan proposed by the Debtor. The forum, timing and procedures chosen for the resolution of these issues will be a critical element in the effective and efficient administration of the bankruptcy case. The plaintiff has filed a proof of claim in the bankruptcy case, which means that the Eastern District Bankruptcy Court has the jurisdiction to adjudicate the claim and counterclaims involving the plaintiff. At the same time, if the plaintiff's claim is transferred to the Eastern District, the bankruptcy court also will have the option of granting the motion for permissive abstention and allowing the plaintiff's claim to be adjudicated in state court.[3] The Eastern District Bankruptcy Court, as the court most familiar with the particulars of the bankruptcy case, is in the best position to evaluate the status and timing requirements of the reorganization case and to choose the course of action that will be consistent with the fair, efficient and effective administration of the bankruptcy case, and to do so based upon the circumstances as they exist at the time the decision is made. Ultimately, this approach also promotes judicial efficiency because it places the

---

[3]This court is not ruling on the plaintiff's motion for permissive abstention and remand of the claim involving the plaintiff and the Debtor, leaving that portion of plaintiff's motion for consideration by the Eastern District Bankruptcy Court.

decisions that will need to be made regarding the plaintiff's claim in the hands of the bankruptcy judge who is in the best position to evaluate all of the relevant circumstances at the times that are most propitious. These considerations are weighty and in the court's view, sufficient to support a transfer of the plaintiff's claim to the United States Bankruptcy Court for the Eastern District of North Carolina. In reaching this conclusion, the court has taken into account that the plaintiff's choice of venue is entitled to considerable weight. However, the court finds that other factors as hereinbefore discussed outweigh the weight that should be given to the plaintiff's choice of venue and concludes that the motion for change of venue should be granted as to the plaintiff's claim against the Debtor.

Separate orders in accordance with this memorandum opinion are being entered pursuant to Rules 9014 and 7058 of the Federal Rules of Bankruptcy Procedure.

This 18th day of March, 2010.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Kenneth M. Greene, Esq.
P.O. Box 540
Greensboro, NC 27402-0540

Robert Lewis, Jr., Esq.
803-C East Main Street
Havelock, NC 28532

Arthur Wayland Cooke, Esq.
P.O. Box 520
Greensboro, NC 27401

Michael D. West, Bankruptcy Administrator